**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>            vs.<br><br>LARRY K. CHRISTIANSEN, and<br>MICHELLE C. CHRISTIANSEN,<br><br>                         Defendants. | 8:13CR58<br><br><br>AMENDED<br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 61)[1] issued by Magistrate Judge F.A. Gossett recommending that the Motion to Suppress Warrants (Filing No. 25) and the Motion to Suppress (Filing No. 27) filed by Defendants Larry K. Christiansen and Michelle C. Christiansen ("Defendants") be denied. Defendants filed an objection to the Findings and Recommendation along with a supporting brief (Filing Nos. 74, 75) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). For the reasons set forth below, the Findings and Recommendation will be adopted, and Defendants' Objection will be overruled.

**BACKGROUND**

Defendants were charged in a three-count Indictment with conspiracy to manufacture and attempt to manufacture 100 or more marijuana plants in violation of 21 U.S.C. § 846; possessing with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841; and possession of a firearm during and in relation to a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendants seek

---

[1]Judge Gossett's findings of fact and conclusions of law were made orally. The evidentiary hearing was held on August 21, 2013, and the transcript appears at Filing No. 65. Judge Gossett's findings of fact and conclusions of law appear at Filing No. 65 at 53:15-60:13.

suppression of all evidence obtained from a search of three residences owned by the Defendants on October 31, 2012, and any evidence obtained from two subpoenas of the Defendants' power consumption.  Defendants requested a hearing on the issuance of the warrants for the above residences under *Franks v. Delaware*, 438 U.S. 154 (1978).  Defendants also seek suppression of all statements made subsequent to their arrest on October 31, 2012.

In Judge Gossett's oral findings of fact, he provided an account of the events surrounding the probable cause supporting the warrants, the execution of the warrants, and the Defendants' arrest.  (Filing No. 65 at 53:15-60:13.)  The Court has considered the transcripts of the hearing conducted by Judge Gossett and carefully reviewed the evidence.  Based on a de novo review of the record the Court adopts Judge Gossett's factual findings.  The Court provides the following facts by way of summary:

On October 30, 2012, Omaha Police Officer, Greg Hamill ("Officer Hamill") prepared an affidavit and application for a search warrant in the County Court of Douglas County, Nebraska, for the following properties: 15705 Larimore Plaza #3, Douglas County, Nebraska; 16221 Young Street, Douglas County, Nebraska; and 7361 North 122nd Avenue Circle, Douglas County, Nebraska. Officer Hamill's stated probable cause included an anonymous tip from a concerned citizen that the owners of these properties, Larry and Michelle Christiansen, might be involved in narcotics activity; surveillance on all three residences; and specific observations at the 16221 Young Street residence.  The specific observations at 16221 Young Street included the smell of fresh--not burnt--marijuana, and a trash pull that contained a green leafy substance which tested positive for marijuana at the Eastern Nebraska Forensic Laboratory.

Officer Hamill asserted that he found numerous items associated with manufacturing, harvesting, and packaging marijuana for distribution.

Officer Hamill also used a U.S. Department of Justice/Drug Enforcement Administration Subpoena to obtain power consumption records, customer account information and payment histories for the following addresses: 16221 Young Street, 16362 Young Street, 7361 North 122nd Avenue Circle, 7371 North 122nd Avenue Circle, 7304 North 122nd Avenue Circle, and 7226 North 122nd Avenue Circle. The four houses not belonging to Defendants were used to compare electrical usage. Based on Officer Hamill's representations in his affidavits, the warrants were issued.

Officer Hamill stated that although he is an employee of the Omaha Police Department, he was working under an agreement with the DEA at the time he executed each of the three search warrants. Officer Hamill was at the location at 15705 Larimore Plaza #3 when each of the Defendants was located there. Each of the Defendants was taken into custody and questioned, and each was given Miranda warnings. Officer Hamill testified that no threat, promise, or inducement was made, and that the Defendants made no request for an attorney. Defendant Larry Christiansen's interview took approximately 30 minutes, while Defendant Michelle Christiansen's interview took 15-18 minutes.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

**I.      Motion to Suppress Warrants and Request for a Franks Hearing**

Defendants' primary objection to Judge Gossett's Findings and Recommendation relate to the recommendation that the request to hold a *Franks* hearing and suppress the warrants be denied.  Defendants argue that the affidavit supporting the application for warrant contained insufficient probable cause as well as material omissions and deliberate falsehoods.   The Court first notes that an affidavit supporting a search warrant is presumed valid. *Franks,* 438 U.S. at 171.  "A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment." *Morris v. Lanpher,* 563 F.3d 399, 402 (8th Cir.2009) (internal marks omitted).   To demonstrate that an officer's actions constitute a *Franks* violation, a plaintiff must: (1) submit probative evidence that the affidavit contained deliberate falsehoods or a reckless disregard of the truth, and (2) show that an affidavit reconstructed without the falsehoods and supplemented by the omitted information would not have been sufficient to support a finding of probable cause. *Id.* at 403. "Truthful in this context means that the information put forth is 'believed or appropriately accepted by the affiant as true.'" *Id.* at 402 (quoting *Franks,* 438 U.S. at 165).  "A showing of negligence or innocent mistake is not enough to establish a *Franks* violation." *United States v. Butler,* 594 F.3d 955, 961 (8th Cir.2010).  "The test for determining whether an affiant's statements were made with reckless disregard for the truth is whether, after viewing all the evidence, the affiant must have entertained serious

4

doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id.*

To be entitled to a *Franks* hearing, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to the finding of probable cause[.]" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (quoting *Franks*, 438 U.S. at 155–56). This showing of deliberate or reckless falsehood is "not lightly met." *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987). "In particular, a defendant must 'point out specifically the portion of the warrant affidavit that is claimed to be false; and [the allegations] should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.'" *Lucca*, 377 F.3d at 931 (quoting *Franks*, 438 U.S. at 171).

The Court must first determined whether the evidence demonstrates that the affidavit supporting the warrant application contains any deliberate falsehoods or reckless disregard for the truth. Defendants first assert that there was no anonymous tip, and that Officer Hamill contrived the tip after observing the Defendants at Paradigm, a hydroponic store located at 8949 J Street, Omaha, Nebraska. There is no evidence in the record to support this assertion, nor is there any intrinsic support for such a position. Aside from Defendants' broad assertion, there is nothing about Officer Hamill's testimony at the suppression hearing that is internally inconsistent or would lead to a conclusion that Officer Hamill lied about receiving an anonymous tip. Further, Officer Hamill testified that the anonymous tip only began the reasonable-suspicion inquiry into

5

whether probable cause existed.  Accordingly, Defendants have not demonstrated that Officer Hamill lied about receiving an anonymous tip.

Defendants also assert that Officer Hamill provided a false date for when he conducted the trash pull at the property located at 16221 Young Street.  Though Defendants do not identify the date in their brief, it is presumed that they refer to Officer Hamill's claim that he made the trash pull on February 30, 2012.  The Government admitted at the evidentiary hearing that there was no trash pull on February 30, 2012. The Defendants have not provided any suggestion that Officer Hamill provided the incorrect date to mislead the issuing judge.  Absent such a showing, this mistake appears to be result of negligence or innocent mistake, and is not sufficient to establish a *Franks* violation. *See Butler,* 594 F.3d at 961.  Accordingly, the Defendants have not demonstrated that the incorrect date casted serious doubt on the veracity of the affidavit.

Defendants also argue that they were entitled to a *Franks* hearing because they should be permitted to challenge Officer Hamill's testimony that at the property located at 16221 Young Street, Officer Hamill viewed a box fan in a window blowing toward the outside of the house.  While Defendants believe that they may have contrary evidence, they have not demonstrated that Officer Hamill's testimony was deliberately misleading. Defendants have not provided any obvious reasons to doubt the accuracy of the information Officer Hamill reported with respect to the window fan.  *See id.*  Accordingly, Defendants have not demonstrated they are entitled to a *Franks* hearing on that issue.

Finally, Defendants assert that Officer Hamill obtained records from the Omaha Public Power District ("OPPD") through misrepresentation.   Specifically, Defendants

6

allege that Officer Hamill represented himself as a special agent working with the DEA to bypass the Douglas County Attorney's office and directly subpoena the OPPD records in violation of the procedures mandated by Nebraska Revised Statute § 70-701. However, Officer Hamill testified that he was working with the DEA on a task force at the time he subpoenaed the records from OPPD.  Thus, there is no suggestion that he acted deliberately to mislead the issuing judge, or fraudulently to obtain the subpoena. Further, the Eighth Circuit has stated that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by the third party to government authorities, even if the information is revealed to the third party confidentially, and on the assumption that it will be used only for limited purposes. *United States v. McIntyre*, 646 F.3d 1107, 1112 (8th Cir. 2011).  Accordingly, Defendants have not demonstrated that the manner in which the OPPD records were obtained somehow deliberately misled the court issuing the warrant and he has not shown he is entitled to a *Franks* hearing on those grounds.

For the reasons stated above, and the reasons contained within Judge Gossett's Findings and Recommendation, the Court concludes that the Defendants have not shown that they are entitled to a *Franks* hearing on the issuance of the search warrants. Further, although not directly addressed in Defendants' Objection, the Court adopts Judge Gossett's findings with respect to probable cause supporting the issuance of the warrants.   Accordingly, the Court adopts Judge Gossett's Findings and Recommendation that Defendants' Motion to Suppress Warrants and Request for a *Franks* Hearing be denied.

7

**II.**     **Statements Made to Law Enforcement**

Defendants broadly object to Judge Gossett's conclusions regarding in-custody statements by aguing, "[w]ith respect to any statement made by Defendants, we maintain they are fruits of the poisonous tree because the search warrants were illegal. As such, any statements should be suppressed."  For the reasons stated above, and the reasons stated in Judge Gossett's oral Findings and Recommendation, Defendants' Motion will be denied.  Accordingly,

IT IS ORDERED:

1.      The Findings and Recommendation (Filing Nos. 61, and Filing No. 65 at 53:15-60:13) issued by Magistrate Judge F.A. Gossett recommending that the Defendants' Motion to Suppress Warrants (Filing No. 25) and the Motion to Suppress (Filing No. 27) be denied, are adopted in their entirety;

2.      Defendants' Objection to the Findings and Recommendation (Filing No. 74) is overruled;

3.      Defendants' Motion to Suppress Warrants and Request for a *Franks* Hearing (Filing No. 25) is denied; and

4.      Defendants' Motion to Suppress (Filing No. 27) is denied.


Dated this 27th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

8